UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| KEVIN SULLIVAN, VINCENT DUDLEY, MARK MEHRINGER, JASON SLEEPER, And MICHAEL TROMBLEY, Plaintiffs | ) ) ) ) ) ) | Civil Action No. |
| v. | ) | 05-30004 - KPN |
| CITY OF SPRINGFIELD, MASSACHUSETTS, Defendant | ) ) ) ) |  |

FILING FEE PAID:
RECEIPT # 305817
AMOUNT $ 150.00
BY DPTY CLK MGW
DATE 1/11/05

**COMPLAINT, COMPENSATORY AND INJUNCTIVE RELEIF
REQUESTED AND JURY DEMAND**

I.    INTRODUCTION.

This is an action brought pursuant to 42 U.S.C. §§ 1981 and 1983, U.S.C. §2000(e), and M.G.L. ch.151B challenging the defendant City of Springfield's improper layoff of the plaintiffs and/or its failure to recall from layoff the plaintiffs based upon their race. As more specifically described below, the plaintiffs are all incumbent Springfield police officers who were hired in 1996 or 1997, and who were laid off in the year 2003. Although the defendant City of Springfield was obligated to layoff the plaintiffs and to recall them based upon a specific seniority date established by the collective bargaining agreement, the plaintiffs were laid off earlier, and/or recalled for duty later, than they otherwise would have been as a result of the City's implementation of a race-based hiring and layoff system. This system violates federal and state law barring discrimination.

1

## II.    PARTIES.

1.      The plaintiffs, Kevin Sullivan, Vincent Dudley, Mark Mehringer, Jason Sleeper, and Michael Trombley are all adult residents of Springfield, Massachusetts.  They are all currently employed as police officers for the City of Springfield, Massachusetts.

2.      The defendant, City of Springfield, Massachusetts, is a duly incorporated municipality of the Commonwealth of Massachusetts, with a city form of government.  The City maintains a police department which is governed by a Board of Police Commissioners.

## III.    STATEMENT OF FACTS.

3.      The plaintiffs were hired as police officers for the City of Springfield, Massachusetts in 1996 or 1997 and worked continuously for the Springfield Police Department until 2003.

4.      According to the collective bargaining agreement, Section 7.02, for those police officers hired as part of a recruit academy class, and commencing work on the same date, seniority for the purposes of the collective bargaining agreement, layoff, and recall, was to be determined based upon one's placement on the Massachusetts Civil Service hiring list, from which all new Springfield police officers are hired.

5.      Beginning in the winter of 2003, the City of Springfield determined that because of financial constraints, it would have to layoff approximately 70 police officers.

6.      Instead of laying off such police officers in order of their seniority, as required by the collective bargaining agreement, the City of Springfield, instead, decided to layoff police officers in a roughly one white to one minority ratio, such that some of the plaintiffs were laid off in the winter of 2003 when, had such layoffs not been based upon a race-based formula, they would not have been so laid off, or would have been laid off at a later date.

7.      When the City determined in 2003 that it must layoff police officers, it decided to make such layoffs by pairing one Caucasian officer with one minority officer, thereby creating a race-based layoff system, unrelated to actual rank on the civil service list.

8.      By the summer and fall of 2003, and winter of 2004, the City of Springfield was financially able to recall from layoff most of the 70 police officers who had been laid off as described above.  Once again, instead of recalling such individuals based upon their contractual seniority (civil service list rank), such officers were recalled based upon a system which recalled one Caucasian for every one minority rehired.  Thus, the plaintiffs were recalled from layoff far later than they would have been recalled from layoff had such recall been based upon the plaintiffs' actual seniority, as determined by the collective bargaining agreement, and not based upon one-for-one pairing by hiring.  As a result, recalls were conducted in a manner that was based upon race.

3

## COUNT I

### (42 U.S.C. §1983 – Equal Protection)

The conduct of the defendant as set forth above violates the equal protection clause of the Fourteenth Amendment to the United States Constitution.

## COUNT II

### (42 U.S.C. §1981)

The action of the defendant as set forth above violates 42 U.S.C. §1981.

## COUNT III

### (Title VII)

The action of the defendants violates 42 U.S. 2000(e).

## COUNT IV

### (Chapter 151B)

The action of the defendants violates M.G.L. ch.151B, §4.

WHEREFORE, the plaintiffs ask this Honorable Court to (1) grant them compensatory damages, back pay, front pay, compensation for lost overtime and details, all as provided for by law; (2) grant an appropriate injunction preventing

the defendant from utilizing seniority based upon any racial considerations; (3)

granting such other and further relief as to this court is deemed just and proper.


## JURY DEMAND

Plaintiffs demand a trial by jury on all claims for which such jury trial is

appropriate.

Respectfully submitted,

KEVIN SULLIVAN, VINCENT DUDLEY,
MARK MEHRINGER, JASON
SLEEPER, and MICHAEL TROMBLEY,
By their attorneys,

Dated:  January 3, 2005

Harold L. Lichten, BBO #549689
Pyle, Rome, Lichten, Ehrenberg &
 Liss-Riordan, P.C.
18 Tremont St., Ste. 500
Boston, MA 02108
(617) 367-7200