# United States District Court
# District of Massachusetts

KEVIN SULLIVAN, VINCENT
DUDLEY, MARK MEHRINGER,
JASON SLEEPER AND
MICHAEL TROMBLEY,
    PLAINTIFFS

v.                                    CIVIL ACTION NO. 05-30004-KPN

CITY OF SPRINGFIELD,
    DEFENDANT,

## ANSWER OF DEFENDANT CITY OF SPRINGFIELD

Now comes the Defendant in the above-captioned case and answers each and every allegation contained in the Plaintiff's Complaint as follows:

### I. INTRODUCTION

The Defendant admits that the are all currently employed as police officers for the City of Springfield, but lacks sufficient knowledge to either admit or deny the balance of the allegations contained in the Introductory paragraph of the complaint.

### II. PARTIES

1. The Defendant admits the allegations contained in paragraph 1 of the complaint.

2. The Defendant admits the allegations contained in paragraph 2 of the complaint.

### III. STATEMENT OF FACTS

3. The Defendant admits the allegations contained in paragraph 3 of the complaint.

4. The Defendant states that the collective bargaining agreement, Section 7.02, speaks for itself and no further response to the allegations contained in paragraph 4 is required.

5. The Defendant admits the allegations contained in paragraph 5 of the complaint.

6. The Defendant denies the allegations contained in paragraph 6 of the complaint.

7. The Defendant denies the allegations contained in paragraph 7 of the complaint.

8. The Defendant denies the allegations contained in paragraph 8 of the complaint.

## COUNT I
### (42 U.S.C. - § 1983 - Equal Protection)

9. The Defendant denies the allegations contained in Count I of the complaint.

## COUNT II
### 42 U.S.C. § 1981)

10. The Defendant, denies the allegations contained in Count II of the complaint.

## COUNT III
### (Title VII)

11. The Defendant denies the allegations contained in Count III of the complaint.

## COUNT IV
### (Chapter 151B)

12. The Defendant denies the allegations contained in Count IV of the complaint.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Court lacks jurisdiction over the subject matter of the Complaint.

### SECOND DEFENSE

The Plaintiffs failed to comply with statutory requirements.

### THIRD DEFENSE

The Complaint fails to state a claim upon which relief requested can be granted.

### FOURTH DEFENSE

The Defendant reserves the right to recover costs and attorneys fees in the event that the above action is found frivolous or in bad faith.

46332

2

## FIFTH DEFENSE

The alleged actions of the Defendant were neither the proximate nor the actual cause of any damages suffered by the Plaintiffs.

## SIXTH DEFENSE

The Complaint fails to state a claim upon which relief can be granted against the Defendant as no custom or official policy of the municipality caused a violation of the Plaintiff's civil rights.

## SEVENTH DEFENSE

The Complaint fails to state a claim upon which relief can be granted against the Defendant, as the conduct did not amount to a reckless disregard or deliberate indifference to the civil rights of inhabitants within the City.

## EIGHTH DEFENSE

The Defendant was justified in its conduct and acts, and is therefore not liable to the plaintiff as alleged in the complaint.

## NINTH DEFENSE

The claims are barred due to qualified, absolute, and or legislative or other immunity or privilege.

## TENTH DEFENSE

The Defendant answers that at all times it acted reasonably, within the scope of official discretion and with a good faith belief that the actions were lawful and not in violation of any clearly established statutory or constitutional right of which a reasonable person would have known with regard to all matters in the Complaint which bear on state or federal law question.

### ELEVENTH DEFENSE

The Plaintiff is barred from recovery because this action has not been brought within the time specified by law.

### TWELVTH DEFENSE

The Plaintiff is collaterally estopped from recovery.

### THIRTEENTH DEFENSE

The Plaintiff is barred from recovery by *resjudicata.*

### FOURTEENTH DEFENSE

Based on information and belief, the Defendant's actions were objectively reasonable in light of the facts and circumstances and existing law without regard to underlying intent or motivation.

### FIFTEENTH DEFENSE

The actions alleged in the Complaint, if found to violate any law, were not taken pursuant to any policy or custom promulgated by the final policy making authority of the City of Springfield.

### SIXTEENTH DEFENSE

The Complainant cannot establish the elements of a prima facie case of discrimination.

### SEVENTEENTH DEFENSE

The Respondent had valid, non-pretextual reasons for its actions and the Complainant cannot demonstrate that these reasons are pretextual.

## EIGHTEENTH DEFENSE

The reasons stated for the Defendant's actions were the real reasons, based on legitimate business concerns, and were not influenced in any way by discrimination on the basis of race, national origin or color, bias, discrimination, or retaliation.

## NINETEENTH DEFENSE

The Complainant failed to exhaust his contractual and administrative remedies, or otherwise failed to bring this action in the time required by law.

## TWENTIETH DEFENSE

Consideration of the issue was a discretionary decision based on the factual circumstances of each individual case, and in this case was based on legitimate nondiscriminatory reasons, and not in anyway related to any unlawful discrimination.

**THE DEFENDANT DEMAND TRIAL BY JURY OF ALL ISSUES SO TRIABLE.**

| CERTIFICATE OF SERVICE<br>I hereby certify that I served the foregoing by hand-delivery or mailing a copy, First Class Mail, postage prepaid, this date to:<br>Harold L. Lichten<br>Pyle, Rome Lichten, Ehrenberg & Liss-Riordan, P.C.<br>18 Tremont Street, Ste. 500<br>Boston, MA 02108<br><br>_____<br>EDWARD M. PIKULA<br>DATED: 3/1/05 |
|---|

THE DEFENDANT,
CITY OF SPRINGFIELD

By,_____
Edward M. Pikula, Esq.
Associate City Solicitor
BBO# 399770

_____
Peter M. Murphy, Esq.
Associate City Solicitor
BBO# BBO# 629 377

City of Springfield Law Department
36 Court Street
Springfield, MA 01103
(413) 787-6085
Fax: (413) 787-6173

46332

5