UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                                                  )
KEVIN SULLIVAN, VINCENT DUDLEY,          )
MARK MEHRINGER, JASON SLEEPER,           )
And MICHAEL TROMBLEY,                             )
      Plaintiffs                                              )
                                                                  )     Civil Action No:
v.                                                              )     05-30004-MAP
                                                                  )
CITY OF SPRINGFIELD, MASSACHUSETTS, )
      Defendant                                             )
_____)

**PLAINTIFFS' MOTION FOR A LIMITED REOPENING OF DISCOVERY
AND TO EXTEND THE REFILING DATE FOR SUMMARY JUDGMENT MOTIONS
IN ORDER TO RESOLVE FACTUAL DISCREPANCIES RAISED BY THE
COURT'S DECISION OF JANUARY 3, 2007**

      Now come the plaintiffs in the above-entitled action and hereby file this motion to reopen discovery in a very limited manner and to extend the refiling date for summary judgment motions until 30 days after discovery has been completed.

      As grounds for this motion, the plaintiffs assert that in researching the factual anomalies described by the Court in its Memorandum and Order Regarding Cross-Motions for Summary Judgment, the plaintiffs have uncovered the existence of certain facts that will explain the anomalies and establish that the facts previously asserted by the Plaintiffs and uncontested by the defendant are substantially correct.

      Specifically, in its opinion, the court correctly pointed out that despite the unrefuted deposition testimony of officials from the Springfield Police Department that seniority (badge numbers) were assigned in 1997 by dovetailing one minority for each non-minority, the documentary evidence did not support this contention and contained

1

significant anomalies. As set forth in the attached Affidavit of Attorney Harold L. Lichten, the principal anomalies can be explained by the fact that seven of the first eight names appearing on the court's chart on page 16 were hired as police cadets outside of the civil service system, and the other one was actually a deferral from a previous round of hiring (see Affidavit attached hereto). In addition, one out-of-order hire was actually a lateral transfer from another police department, and one hire had a later badge number because of his failure to successfully complete his academy training on his first attempt.

Plaintiffs assert that permitting limited discovery on these anomalies will permit the parties and the court to resolve these anomalies and allow plaintiffs to demonstrate that, notwithstanding these exceptions, seniority status for 1997 police hires was still determined largely by an impermissible racial pairing (see Affidavit attached hereto).

WHEREFORE, plaintiffs pray this court to (1) permit a very limited reopening of discovery for 45 days to resolve the anomalies found by the court; and (2) extend the deadline for refilling summary judgment motions for 30 days thereafter.

Respectfully submitted,

KEVIN SULLIVAN, VINCENT DUDLEY,
MARK MEHRINGER, JASON SLEEPER,
and MICHAEL TROMBLEY,

by their attorneys,

\_\_\_s/Alfred Gordon_____
Alfred Gordon, BBO # 630456
Harold L. Lichten, BBO #549689
Pyle, Rome, Lichten, Ehrenberg &
    Liss-Riordan, P.C.
18 Tremont St., Ste. 500
Boston, MA 02108
Dated: January 29, 2007          (617) 367-7200

2

## CERTIFICATE OF SERVICE

     I hereby certify that a true copy of the above document was served on the attorney of record for each party by electronic notice on January 29, 2007.

                                                                                  _s/Alfred Gordon_____
                                                                                  Alfred Gordon

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                            )
KEVIN SULLIVAN, VINCENT DUDLEY,             )
MARK MEHRINGER, JASON SLEEPER,              )
And MICHAEL TROMBLEY,                       )
        Plaintiffs                          )
                                            )    Civil Action No:
v.                                          )    05-30004-MAP
                                            )
CITY OF SPRINGFIELD, MASSACHUSETTS,         )
        Defendant                           )
_____)

**AFFIDAVIT OF HAROLD L. LICHTEN IN SUPPORT OF PLAINTIFFS' MOTION FOR A LIMITED REOPENING OF DISCOVERY AND TO EXTEND THE REFILING DATE FOR SUMMARY JUDGMENT MOTIONS IN ORDER TO RESOLVE FACTUAL DISCREPANCIES RAISED BY THE COURT'S DECISION OF JANUARY 3, 2007**

I, Harold L. Lichten, being duly sworn, depose and state as follows:

1.  I am a partner in the law firm of Pyle, Rome, Lichten, Ehrenberg & Liss-Riordan, P.C. and am lead counsel in the above-titled case. I was also lead counsel in Quinn, et al. v. City of Boston, 325 F.3d 18 (1st Cir. 2003), referenced by the court in its January 3, 2007 decision.

2.  I have fully reviewed the court's decision of January 3, 2007, and have paid particular attention to the anomalies found by the court in the plaintiffs' data. In order to understand these anomalies, I have consulted with my clients, reviewed all of the documents produced in discovery by the City, and reviewed M.G.L. ch. 147, § 21A, as well as the decision in Boston Police Department v. James Munroe, 14 MLR 446, 2002 WL 445086 (Mass. Super. Mar. 19, 2002). As described below, at least some of the most glaring anomalies can be explained by the fact that certain individuals cited by

1

the court in pages 16-19 of its decision were actually hired as a result of their already being Springfield Police Cadets or were lateral hires from another department. This would explain why their placement on the Form 14 is different from their civil service rank, since they were not hired pursuant to their civil service rank and score. In addition, at least one hiring contained in the court's chart was actually made from a prior civil service list because he had been "deferred" from a previous list, and another hiring contained in the court's chart received a later badge number because of his failure to successfully complete the police academy on his first attempt.

3. Specifically, the following individuals listed on the court's chart on page 16 were hired as a result of their being Springfield Police Cadets outside of the civil service system:

- David Gahm
- Martin Curley
- Jayme Sharpe
- John Corey
- Edward Seder
- Daniel Reigner
- Christopher Twining

Another candidate, Steven Tyburski, listed on the court's chart at page 16, was actually hired as a result of his name being deferred from a prior civil service list. In addition, Jose Diaz, listed on the court's chart at page 17, received a later badge number (and thus lower seniority) because of his failure to successfully complete his police academy training on his first attempt. Finally, Bryan Elliot, listed on the court's chart at page 19, was a lateral transfer from the Amherst (Massachusetts) Police Department.

4. I have learned this information from talking to my clients and studying the various documents I have received. As described below, this information needs to be

verified by taking limited discovery and obtaining some additional documents, which the City of Springfield or the Commonwealth's Human Resources Division should have readily available. For example, attached to plaintiffs' initial motion for summary judgment was Exhibit G which is a so-called Form 16-11 from the City of Springfield Police Department for hiring that took place in October of 1997, six months after the plaintiffs were hired. That document (Exhibit G attached to plaintiffs' motion for summary judgment) would allow the parties to accurately track each candidate hired in the spring of 1997, whether they were a minority or non-minority or whether they "self removed." In addition, according to Captain Cochrane (see Cochrane deposition at page 42), the Springfield Police Department kept a running list of individuals as they entered the academy, including those who were cadets who were placed at the top of the list. (See Exhibit H to plaintiffs' motion for summary judgment, p. 5; see also Cochrane deposition testimony at p. 42 (described in the same document).) Further, Exhibit J to plaintiffs' motion for summary judgment is the revised International Brotherhood of Police Officers Seniority List after the arbitration award, which clearly delineates that cadets were placed at the top of the Form 14s because they were not being hired from the civil service list.

5. Unfortunately, neither this Form 16-11 nor Exhibit H (Cochrane Deposition Exhibit 5) appears to cover the April 1997 hiring at issue in this case. Presumably, the City of Springfield has documents that it has inadvertently failed to produce which would allow a more accurate tracking of how the Form 14 was constituted.

6. However, when one factors out the cadets, lateral transfers, and deferment, it is still readily apparent, even from the court's chart on pages 16-18, that

3

white officers are being assigned badge numbers out of sequence from their minority counterparts. Thus, if one looks at the court's chart on page 18, the names of the four plaintiffs appear on pages 12 and 13 of the original civil service list. Yet, their minority counterparts, such as Kevin Bell, Angel Perez, Mike Rivera, and Martin Santa appear several pages back on pages 16 and 17 of the original civil service list. Indeed, a review of pages 17 and 18 of the court's chart reflect that minorities are given lower badge numbers than white officers, even though the white officers consistently appear several pages earlier on the original civil service list. (See court's opinion at pages 16-18.)

7. A review of these pages reveals that this seniority ranking is unlikely to be explained by random chance. Rather, there appears to be a consistent pattern of pulling minority names from the civil service list separately and apart from white names on the list. In this regard, aside from the anomalies described herein, all of the minority candidates appear in civil service order amongst themselves and all of the non-minority candidates similarly appear in civil service order amongst themselves, but the candidates are out of order on the integrated list with all of the minority names having been placed higher than their non-minority counterparts. This renumbering is the only way to explain the consistency in white officers having their names several pages ahead of minorities who appear next to them on the Form 14.

8. Accordingly, the plaintiffs are seeking the reopening of discovery for 30 days solely for the purpose of (1) obtaining these additional documents referenced above; and (2) re-deposing Captain Cochrane or another appropriate official for one-half of a day in order to consider and resolve the anomalies found by the court. This motion

will serve the interests of justice and allow the parties to resolve factual discrepancies prior to trial.

9.  Finally, plaintiffs would point out that police cadets are governed not by the civil service law, but by M.G.L. ch. 147, § 21A.  See <u>Boston Police Department v. James Munroe</u>, 14 MLR 446, 2002 WL 445806 (Mass. Super. Mar. 19, 2002).

Signed under the pains and penalties of perjury this 29th day of January, 2007.

                                                        s/Harold L. Lichten
                                                       Harold L. Lichten